**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

JAMIE SMITH,
*on behalf of herself and all others similarly situated*,

            Plaintiff,

           - against -

LYFT, INC.,

            Defendant.

---

Case No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff JAMIE SMITH (hereinafter "Plaintiff" or "Plaintiff SMITH"), on behalf of herself and all others similarly situated, by her undersigned attorneys, as for her Complaint against the Defendant, LYFT, INC. ("Defendant LYFT" or "LYFT"), alleges the following:

**NATURE OF ACTION**

1. This action is brought by Plaintiff SMITH on behalf of herself and all consumers in the United States who have received unsolicited and unconsented-to commercial text messages to their mobile phones from Defendant in violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.

1

# JURISDICTION AND VENUE

2. The Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because this action arises out of a violation of federal law - 7 U.S.C. § 227(b). *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 132 S. Ct. 740 (2012).

3. Venue is proper in this District under 28 U.S.C § 1391 because Defendant's violation of the Telephone Consumer Protection Act (TCPA) took place in this District, where Plaintiff SMITH received an automated text message to his phone.

# PARTIES

*Plaintiff*

4. Plaintiff SMITH resides in Kings County.

*Defendants*

5. Defendant LYFT is a company that develops and markets a mobile app offering ridesharing and other transportation services. It is a Delaware limited liability company with a principal place of business at 185 Berry Street, San Francisco, CA 94107 and an address for service of process at c/o CT Corporation System, 28 Liberty Street, New York, NY 10005.

# FACTUAL ALLEGATIONS

**The Telephone Consumer Protection Act**

6. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, was enacted by Congress in 1991 and is implemented by the Federal Communications Commission ("FCC"). The TCPA makes it "unlawful for any person… to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a paging service, cellular telephone service… or any service for which the called party

is charged for the call…" 47 U.S.C. § 227(b)(1)(A)(iii).

7. "Prior express content" requires:

> an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. § 64.1200(f)(8)

8. In addition, the written agreement must include a clear and conspicuous disclosure informing the signer that:

> By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice;

§ 64.1200(f)(8)(i)(A)

and

> The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

§ 64.1200(f)(8)(i)(B)

9. In its June 18, 2015 Declaratory Ruling and Order ("2015 TCPA Order"), the FCC reaffirmed its longstanding position that text messages qualify as "calls" under the TCPA: "… the Commission in 2003 determined that the TCPA applies to SMS texts. Thus, we find no uncertainty on this use…" ¶107.

**Defendants Violated the TCPA**

10. Plaintiff has had no association at all with Defendant. Plaintiff did not give Defendant her contact information or her consent to be sent automated text messages.

Nevertheless, on October 1, 2020, Plaintiff received the following text from Defendant promoting its products and services:





11. Defendant sent similar unsolicited marketing texts using an automated telephone dialing system to other similarly situated persons, who likewise never consented to receiving them.

12. The text messages sent to Plaintiff SMITH were unwanted, annoying, and a nuisance. Plaintiff SMITH was expecting important messages but had to open and unlock her phone to view Defendant's invasive message. The message was disruptive and diminished Plaintiff's enjoyment of her phone. Such non-financial injuries suffice to support standing under Article III of the Constitution. *See Melito v. Experian Mktg. Solutions, Inc.*, 923 F.3d 85, 88 (2nd Cir. 2019) ("The principal question we are tasked with deciding is whether Plaintiffs' receipt of the unsolicited text messages, sans any other injury, is sufficient to demonstrate injury-in-fact. We hold that it is."); *Van Patten v Vertical Fitness Group, LLC*, 847 F3d 1037(9th Cir. 2017) ("Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA need not allege any additional harm beyond the one Congress has identified.") (internal quotes and citation omitted).

13. Courts have recognized and the general and impersonal nature of the text Defendant sent Plaintiff are telltale signs that an autodialer has been used. *See Kazemi v. Payless Shoesource, Inc.*, 09-cv-5142, 2010 U.S. Dist. LEXIS 27666, at *6-7 (N.D. Cal. Mar. 12, 2010) ("plaintiff's description of the received messages as being … scripted in an impersonal manner and sent en masse supports a reasonable inference that the text messages were sent using an ATDS"); *Abbas v. Selling Source, LLC*, 09-cv-3413, 2009 U.S. Dist. LEXIS 116697, at *12 (N.D. Ill. Dec. 14, 2009) ("the text of the SMS message Abbas allegedly received clearly suggests that it is from an institutional sender without any personalization"); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) ("The messages were advertisements written in an impersonal

manner."); *Soular v. N. Tier Energy LP*, 15-cv-556, 2015 U.S. Dist. LEXIS 112294, at *8 (D. Minn. Aug. 25, 2015) ("there are additional facts alleged in the Complaint which indicate the use of an ATDS, such as the generic content of the message").

## CLASS ACTION ALLEGATIONS

14. Plaintiff SMITH seeks to represent a class consisting of:

    All persons in the United States who, beginning four years prior to the filing of this action, received unsolicited text messages to their cellular phones from Defendant ("the Nationwide Class")[1]

15. In the alternative, Plaintiff SMITH seeks to represent a class consisting of

    All persons in New York who, beginning four years prior to the filing of this action, received unsolicited text messages to their cellular phones from Defendant (the "New York Class")

16. The proposed Classes exclude current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

17. Plaintiff reserves the right to revise the class definitions based on facts learned in the course of litigating this matter.

---

[1] *See Fitzhenry-Russell v. Dr. Pepper Snapple Grp.*, No. 17-cv-00564 NC, 2017 U.S. Dist. LEXIS 155654, at *15 (N.D. Cal. Sep. 22, 2017) ("Yet the Supreme Court did not extend its reasoning to bar the nonresident plaintiffs' claims here, and Bristol-Myers is meaningfully distinguishable based on that case concerning a mass tort action, in which each plaintiff was a named plaintiff."); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. 09-2047, 2017 U.S. Dist. LEXIS 197612, at *52-53 (E.D. La. Nov. 28, 2017) ("it is clear and beyond dispute that Congress has constitutional authority to shape federal court's jurisdiction beyond state lines to encompass nonresident parties" and interpreting Bristol-Meyers as barring nationwide class actions where jurisdiction over defendant is specific "would require plaintiffs to file fifty separate class actions in fifty or more separate district courts across the United States — in clear violation of congressional efforts at efficiency in the federal courts."); *Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 364 (D. Ariz. 2009) ("Objectors argue that this Court lacks jurisdiction to certify a nationwide class. This argument is frivolous. A federal court applying Rule 23 of the Federal Rules of Civil Procedure may certify a nationwide class if the requirements for certification are satisfied.").

18. Class members are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through the appropriate discovery, Plaintiff believes that there are thousands of Class members, who may be identified from records maintained by Defendant or by their own record of text messages. These members may be notified of the pendency of this action by mail, or by advertisement, using the form of notice customarily used in class actions such as this.

19. Plaintiff's claims are typical of the claims of all Class members as all Class members are similarly affected by Defendant's wrongful conduct.

20. Plaintiff will fairly and adequately protect the interests of Class members because Plaintiff has no interests antagonistic to theirs. Plaintiff has retained experienced and competent counsel.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class members may be relatively small, the expense and burden of individual litigation make it impracticable for Class members to individually seek redress for the wrongful conduct alleged herein. If class treatment of these claims were not available, Defendant would likely be able to persist in its unlawful conduct with impunity.

22. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Class members are:

   a. whether Defendant sent unsolicited marketing text messages to cellular phones belonging to Plaintiff and the Class;

   b. whether text recipients provided their prior express consent;

  c. whether Defendant employed autodialing technology;

  d. whether Defendant's conduct was intentional or negligent; and

  e. whether Plaintiff and Class members are entitled to damages for Defendant's conduct.

23. Class membership is readily ascertainable from electronic records.

24. The prosecution of this action as a class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by any individual Class member are too small to make it economically feasible for an individual class member to prosecute a separate action, and it is desirable for judicial efficiency to concentrate the litigation of the claims in this forum. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein.

26. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant acts or refuses to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive or equitable relief with respect to the Classes as a whole.

27. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

28. The prosecution of separate actions by Class members would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.

29. Defendant's conduct is generally applicable to the Classes as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Classes as a whole. Defendant's systematic policies and practices make declaratory relief with respect to the Classes as a whole appropriate.

## CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 *et seq*.**

**(Brought on behalf of Plaintiff and the Class)**

30. Plaintiff SMITH realleges and incorporates herein by references the allegations contained in all preceding paragraphs and further alleges as follows:

31. Plaintiff SMITH brings this claim individually and on behalf of other Class members for Defendant's violations of the TCPA.

32. Defendant directly or vicariously violated the TCPA when it used an automated telephone texting system to send unsolicited and unauthorized marketing texts to the cellular phones of Plaintiff and Class members.

33. The TCPA, 47 U.S.C. § 227(b)(3), provides:

**(1)** Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

  **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

  **(B)** an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or

  **(C)** both such actions.

34. Additionally, the TCPA provides that the Court may, at its discretion, treble the statutory damages if it finds that Defendant's violations are willful or knowing. 47 U.S.C. § 227(b)(3)

35. Defendant's violations of the TCPA were willful and knowing. Defendant would be liable to Plaintiff and Class members even if its actions were negligent.

36. Accordingly, Plaintiff and Class members are entitled to all damages referenced herein, attorney's fees, costs, treble damages, injunctive relief, and any other remedies allowed by the TCPA. Defendant should be enjoined from engaging in similar unlawful conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendant as follows:

(A) For an Order certifying the Nationwide Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Nationwide Class and Plaintiff's attorneys as Class Counsel;

(B) In the alternative, for an Order certifying the New York Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the New York Class and Plaintiff's attorneys as Class Counsel;

(C) For an Order declaring that Defendant's conduct violates the TCPA;

(D) For an Order finding in favor of Plaintiff and Class members;

(E) For statutory or treble damages for each violation of the TCPA, as determined by the evidence presented at trial;

(F) For prejudgment interest on all amounts awarded;

(G) For an Order enjoining Defendant from further violations of the TCPA;

(H) For an Order awarding Plaintiff and Class members their reasonable attorney's fees

and expenses and costs of suit; and

(I) For such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff, on behalf of himself and Class members, demands a trial by jury on all questions of fact raised by this Complaint.

Dated: October 7, 2020

Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

By: */s/ C.K. Lee*
    C.K. Lee, Esq.

C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*